**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JASON McKINNEY,

     Defendant - Appellant.

No. 18-3099
(D.C. Nos. 2:06-CR-20078-JWL-1 &
2:11-CV-02062-JWL)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **MATHESON** and **CARSON**, Circuit Judges.
_____

     Jason McKinney, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's decision construing his Fed. R. Civ. P.

60(b) motion as an unauthorized second or successive 28 U.S.C. § 2255 motion and

dismissing it for lack of jurisdiction. He also seeks a COA to appeal the district court's

denial of his Fed. R. Civ. P. 59(e) motion to alter or amend the judgment, which sought

reconsideration of the district court's dismissal of his Rule 60(b) motion. We deny a

COA as to both motions and dismiss this matter.

     Mr. McKinney pled guilty to one count of possession with intent to distribute

50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii),

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and one count of using a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). He was sentenced to 360 months in prison on the first count and 60 months on the second count, to be served consecutively. Mr. McKinney appealed, and we affirmed the district court's judgment. He subsequently filed a § 2255 motion, which the district court denied in part and dismissed in part. We denied his application for a COA to appeal from the district court's decision.

Earlier this year, Mr. McKinney filed a Rule 60(b) motion to reopen and set aside the district court's decision on his § 2255 motion. The district court concluded that the Rule 60(b) motion constituted an attempt to file a second or successive § 2255 motion without prior authorization and dismissed the motion for lack of jurisdiction. Mr. McKinney then filed a Rule 59(e) motion, which sought reconsideration of the district court's dismissal of his Rule 60(b) motion. The district court denied the Rule 59(e) motion. Mr. McKinney now seeks a COA to appeal from the district court's decisions dismissing his Rule 60(b) motion and denying his Rule 59(e) motion.

In his COA application, Mr. McKinney argues that the district court erred in dismissing his Rule 60(b) motion because he asserted that he did not have effective assistance of counsel to properly present all of his substantive claims in his first § 2255 motion, which resulted in a defect in the integrity of his initial § 2255 proceeding. To obtain a COA from the district court's procedural ruling dismissing his Rule 60(b) motion, Mr. McKinney must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

2

reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

A Rule 60(b) motion should be treated as a second or successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A Rule 60(b) motion may not be treated as a successive § 2255 motion if it "challenges a defect in the integrity of the federal habeas proceeding." *Id*. at 1216.

In his Rule 60(b) motion, Mr. McKinney argued that the legal inmate assistant who helped prepare his initial § 2255 motion failed to raise two claims for ineffective assistance of counsel—related to the government's breach of the plea agreement and an improperly calculated guidelines range—and he requested that the district court address the merits of those claims.

In *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005), the Supreme Court explained that a Rule 60(b) claim that a habeas petition had omitted a claim of constitutional error and sought leave to present that claim should be treated as a successive habeas petition. *See also Spitznas*, 464 F.3d at 1216 ("Some examples of Rule 60(b) motions that should be treated as second or successive habeas petitions because they assert or reassert a

3

federal basis for relief from the underlying conviction include: a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition[.]"). The Court further noted "that an attack based on the movant's own conduct, or his habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Gonzalez*, 545 U.S. at 532 n.5.

Mr. McKinney's Rule 60(b) motion sought to present claims that were omitted from his initial § 2255 motion and to receive a merits determination on those claims; it did not attack a defect in the integrity of his § 2255 proceedings. Reasonable jurists could not debate the district court's procedural ruling treating the Rule 60(b) motion as a second or successive § 2255 motion and dismissing it for lack of jurisdiction.

Mr. McKinney also seeks a COA to appeal from the district court's denial of his Rule 59(e) motion. In his COA application, Mr. McKinney argues that the district court denied his Rule 59(e) motion based on an erroneous assessment of the law by making its ruling pursuant to an unsettled matter in *United States v. Gantt*, 2018 WL 447733, at *3 (D. Kan. Jan. 17, 2018), that has now been stricken from that court's record as of June 1, 2018. Mr. McKinney then makes the seemingly contradictory assertion that "it is not clear from the record on how the court constituted the grounds of its actions, and therefore its action does not provide an adequate basis for appellate review." COA App. at 11.

In his Rule 59(e) motion, Mr. McKinney argued that his Rule 60(b) motion should be treated as a true Rule 60(b) motion, not a successive § 2255 motion. In support of his

4

argument, he explained that his motion should be construed as a Rule 60(b) motion because he presented a claim that a defect occurred in his initial § 2255 proceeding when he informed the court "that he had no counsel to present his substantive claim." R. at 175. In denying the Rule 59(e) motion, the court cited to *Gantt* for the proposition that the "absence of counsel during a habeas proceeding is not a 'defect' in that proceeding for purposes of construing [a] Rule 60(b) motion as a 'true' Rule 60(b) motion." R. at 183.

Mr. McKinney has presented no evidence that the *Gantt* decision has been stricken from the record.[1] He has also failed to show that the *Gantt* decision is contrary to other binding legal authority, or that the court's reasoning is insufficient for appellate review. Reasonable jurists could not debate the district court's decision to deny the Rule 59(e) motion.

For the foregoing reasons, we deny a COA from the district court's decisions on both motions and dismiss this matter.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

---

[1] We also take judicial notice of the docket in *United States v. Gantt*, 6:10-CR-10175-EFM (D. Kan), which reflects that the Memorandum & Order issued January 17, 2018, remains on the docket and part of the record. The docket reflects that an order did enter on June 1, 2018, but that order struck the defendant's pro se reply, not the district court's Memorandum & Order.